# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-02107-SCT

*IN RE: HOSEA HINES*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2006 |
| TRIAL JUDGE: | HON. JOHN N. SHIRLEY |
| COURT FROM WHICH APPEALED: | PEARL MUNICIPAL YOUTH COURT OF RANKIN COUNTY |
| ATTORNEYS FOR APPELLANT: | LISA MISHUNE ROSS |
| | CARLTON REEVES |
| ATTORNEY FOR APPELLEE: | JASON T. ZEBERT |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED - 04/10/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Reverend Hosea Hines was held in civil contempt by the Pearl Municipal Youth Court of Rankin County.  From this order he appeals to this Court, raising the following issues for review: (1) whether a youth court judge can compel a non-party's attendance in court for a hearing[1] to review a no-contact order in the absence of a written order duly served on the person whose presence is commanded; (2) whether a youth court judge abuses his discretion

_____

[1]Rev. Hines failed to appear at a hearing held by the youth court on November 14, 2006, the purpose of which was to review a no-contact order.  Also, on November 14, 2006, the youth court held a shelter review hearing for the minor children involved in the case.

when he denies a non-party's request to hold any contempt proceedings against the non-party in open court when the contempt matter to be tried does not require that any confidential matters pertaining to youths be divulged; (3) whether a youth court judge abuses his discretion when the youth court judge presides over a constructive contempt matter; (4) whether the youth court's October 31, 2006, order barred Rev. Hines from communicating with his church members who are under the jurisdiction of the youth court; and (5) whether the youth court could bar Rev. Hines and his attorney from discussing the contempt proceedings where no matters pertaining to minors were discussed. Finding that a youth court judge cannot compel a non-party's attendance in court for a hearing to review a no-contact order in the absence of official written notification commanding his presence in court, we reverse the order of the Pearl Municipal Youth Court of Rankin County.

## FACTS AND PROCEDURAL HISTORY

¶2.    On October 31, 2006, a shelter hearing was held in the Pearl Municipal Youth Court of Rankin County regarding three minor children. Rev. Hines was present at the hearing, at which time Judge John N. Shirley entered an order setting a shelter review hearing for November 14, 2006. Specifically, Judge Shirley ordered that "[n]o one except that GAL, DHS, law enforcement and CAC shall discuss issues with the children." On November 8, 2006, for good cause shown, an order of no contact was entered, barring Rev. Hines from having contact with the minor children.[2] Furthermore, the court set a hearing to review the

---

[2]The no-contact order was not stamped filed.

2

order of no contact on November 14, 2006, the same day as the previously-set review hearing.

¶3. Detective James Thompson of the Pearl Police Department contacted Rev. Hines by telephone to inform him of the entry of the no-contact order, and to inform him that he was to be present in court on November 14, 2006.[3] Det. Thompson testified that Rev. Hines indicated that he understood that he was to be present in court on November 14, 2006. However, Rev. Hines failed to appear in court on November 14, 2006. Thompson further testified that, before entering into the courtroom on November 14, 2006, he had the minor children's mother call Rev. Hines from her cellular phone to request that Rev. Hines appear in court. However, she did not receive an answer and left a message for Rev. Hines.

¶4. A show-cause contempt warrant was issued for Rev. Hines for violating the court order of October 31, 2006. Rev. Hines was arrested on November 15, 2006, and was later released on a $1,000 bond and instructed by the bondsman to appear in Pearl Municipal Court, rather than the Pearl Municipal Youth Court, on November 30, 2006. Rev. Hines was later correctly directed to appear in the Pearl Municipal Youth Court of Rankin County on December 5, 2006, at 8:30 a.m.

¶5. On December 4, 2006, Rev. Hines filed a Motion to Recuse which stated, "Rev. Hosea Hines also objects to the Honorable John Shirley presiding over this matter on the ground that he was [sic] not received notice of the charge against him and has not be [sic] summoned to appear before this Court in the manner outlined in Rule 81(d)(2) and contemplated by the

---

[3]Detective Thompson testified that he could not remember what day he had contacted Hines.

3

Mississippi Supreme Court in *In the Interest of Holmes*." Also on December 4, 2006, a Motion for Contempt was filed by the prosecutor for the Pearl Municipal Youth Court.[4] A show-cause hearing was held on December 5, 2006, and December 12, 2006. At the December 5, 2006, hearing Rev. Hines was served with a summons ordering him to appear before the court on December 12, 2006, for a contempt hearing.

¶6. On December 12, 2006, the youth court prosecutor moved to dismiss the allegations that Rev. Hines disobeyed the October 31, 2006, court order and the November 8, 2006, order, "leaving only his failure to show up for court as instructed."[5] Rev. Hines objected to the court proceeding on the contempt allegation, renewed his motion for recusal, and objected that he had not been summoned to appear before the court on November 14, 2006. Rev. Hines further requested that the hearing be held in open court. His request was denied.

¶7. Judge Shirley found Rev. Hines in civil contempt and ordered him to pay a fine of $500. A written order was entered on December 19, 2006, stating in part:

---

[4]The Motion for Contempt filed by the prosecutor with the court moved the court to find Rev. Hines in contempt for (1) willfully violating the order of the court issued on October 31, 2006; (2) willfully violating the no-contact order issued by the court on November 8, 2006; and (3) for failing to appear before the court for the November 14, 2006, hearing to review the no-contact order.

[5]The Court proceeded on the contempt motion only upon Rev. Hines's failure to appear in court on November 14, 2006. The following is from the December 12, 2006 hearing:

. . . .

**The Court**: Before we do this, I want to make sure we've got these issues narrowed down. The judge is responsible for making sure that issues – that we just deal with just the issues, and I understand the issue in this case is was he ordered to appear in court and did he fail to comply with that order. Is that correct?

**Mr. Zebert**: Yes, sir.

. . . .

4

Even though this court originally ordered that Hosea Hines shall pay a fine, that order shall be amended to order that Hosea Hines may purge himself of contempt by appearing before this Court and sincerely informing the court that in the future he will follow orders of the Court even if he disagrees with any such order. If Hosea Hines has already paid a fine, such fine shall be returned to him upon purging himself of contempt as just described.

## STANDARD OF REVIEW

¶8. This Court applies a de novo standard of review when examining questions of law. ***Miss. Transp. Comm'n v. Fires***, 693 So. 2d 917, 920 (Miss. 1997). "This Court must reverse for erroneous interpretations or applications of law." ***Id***.

## DISCUSSION

**I. Whether a Youth Court Judge Can Compel a Non-Party's Attendance in Court for a Hearing to Review a No-Contact Order in the Absence of a Written Order Duly Served on the Person Whose Presence Is Commanded.**

¶9. The youth court found that "Hosea Hines willfully violated the order of the court to appear in youth court on the 14th day of November, 2006, and such conduct place[d] him in civil contempt." In its ruling, the youth court held that Det. Thompson's telephone conversation with Hines constituted sufficient notification of his need to appear in court under the Youth Court Act. Specifically, the youth court found:

> . . . . [c]ounsel for Hines suggests that a summons is required under Rule 81 of the Mississippi Rules of Civil Procedure to order someone to show cause. Rule 1 of the Mississippi Rules of Civil Procedure appl[ies] only to circuit courts, chancery courts and county courts. Therefore, M.R.C.P. 81 is not applicable to youth courts. All that is required is reasonable notice. . . .

¶10. On appeal, Rev. Hines asserts that the youth court erred by failing to serve him with a written notification commanding his presence in court on November 14, 2006. However, the state argues that because the youth court is empowered to use "reasonable oral or written

5

notice" for children, parents, guardians, custodians, guardians ad litem, and counsel in detention and shelter hearings pursuant to Mississippi Code Annotated Section 43-21-309(2) (Rev. 2004), then it also should be empowered to provide "reasonable oral or written notice" to non-parties who are to appear before the youth court.

¶11.    We find both the youth court's interpretation of the law and the state's argument on appeal to be erroneous.  The Youth Court Act clearly authorizes the youth court "to issue all writs and processes including injunctions necessary to the exercise of jurisdiction and carrying out the purpose of [the] chapter."  Miss. Code Ann. § 43-21-153 (Rev. 2004). The youth court undisputedly had the power to enter the Order of No Contact with respect to Rev. Hines, and to require his presence in court on November 14, 2006.  However, Rev. Hines should have received the due-process consideration of official written notification commanding his presence in court.

¶12.    The record reflects that Rev. Hines was informed of his need to be present in court on November 14, 2006, only through a telephone conversation with Det. Thompson. Furthermore, neither Rev. Hines nor his attorney saw nor reviewed a copy of the Order of No Contact prior to the hearing held by the court on  December 12, 2006.  Even in the event that Rev. Hines had been properly served with a copy of the Order of No Contact, the order itself does not contain sufficient language to have informed Rev. Hines that he had to be present in court on November 14, 2006.  The order entered by the youth court on November 8, 2006, contained only the following language with regard to Rev. Hines's appearance in court on November 14, 2006: "IT IS, FURTHER, ORDERED AND ADJUDGED that HOSEA HINES may be served with a copy of this order.  IT IS, FURTHER, ORDERED

6

AND ADJUDGED that this matter shall be reviewed on Tuesday, November 14, 2006, at 8:30 a.m.."

¶13. Furthermore, Section 43-21-309 (2) provides that "[r]easonable oral or written notice of the time, place and purpose of the hearing shall be given to the child; his or her parent, guardian or custodian; to his or her guardian ad litem, if any; and to his or her counsel" when the youth court is holding a detention or shelter hearing. Miss. Code Ann. § 43-21-309(2) (Rev. 2004). The state asserts that the youth court should also be empowered to provide "reasonable oral or written notice" to non-parties who are to appear before the youth court. This argument is not supported by the clear statutory language of Section 43-21-309(2). Miss. Code Ann. § 43-21-309(2) (Rev. 2004). Clearly, Rev. Hines is not the parent, guardian or custodian, guardian ad litem, or counsel to the minor children and therefore, "reasonable oral notice" is not sufficient. Miss. Code Ann. § 43-21-309 (Rev. 2004). Therefore, we find this argument to be without merit. Accordingly, we find that Rev. Hines should have received official written notification from the court commanding his presence in court on November 14, 2006.

**CONCLUSION**

¶14. This Court finds that a youth court judge cannot compel a non-party's attendance in court for a hearing to review a no-contact order in the absence of official written notification commanding his presence in court. Because this issue is dispositive, the remaining issues raised by Rev. Hines need not be addressed. Furthermore, Rev. Hines was ultimately held in contempt only for failing to appear at the November 14, 2006, hearing. We find that Rev. Hines cannot be held in contempt for failing to appear at a hearing of which he did not have

7

written notice.  Therefore, we reverse the judgment of the Pearl Municipal Youth Court of Rankin County.

¶15.    **REVERSED.**

    **SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**